UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KYLE RAYMOND LEE BURNETT,

                  Petitioner,

    v.

JAIME TAFT,

                  Respondent.

CASE NO. 2:26-CV-1515-JHC-DWC

ORDER TO SHOW CAUSE

The District Court has referred this action to United States Magistrate Judge David W. Christel. On April 16, 2026, Petitioner Kyle Raymond Lee Burnett filed a proposed federal habeas petition pursuant to 28 U.S.C. § 2241 in the Easten District of Washington. Dkt. 1. On May 4, 2026, the case was transferred to the Western District of Washington. Dkt. 9. Petitioner moved for leave to proceed *in forma pauperis* (IFP) on June 2, 2026. Dkt. 12. The Court has granted Petitioner leave to proceed IFP and has reviewed the Petition.

The Court finds Petitioner has not sufficiently shown he meets the "in custody" requirements of § 2254.[1] Therefore, the Court declines to direct Respondent to answer and

---

[1] Though Petitioner has filed his petition under § 2241, the Ninth Circuit has held that "28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment[.]" *White*

ORDER TO SHOW CAUSE - 1

directs Petitioner to show cause why this case should not be dismissed on or before July 17, 2026.

## I.    Background

Petitioner challenges a 2023 judgment and sentence arising from a Snohomish County Superior Court conviction. Dkt. 1. In the Petition, Petitioner states he is no longer in custody and requests the Court vacate his 2023 conviction. *Id*.

## II.    Discussion

Based on the information contained in the Petition, it appears Petitioner does not meet the "in custody" requirements. "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2247(c)(3)). A petitioner must be "in custody" under the conviction or sentence under attack when he files his federal petition. *Id*. at 490-91. The "in custody" requirement is met when a petitioner "is subject to a significant restraint upon his liberty 'not shared by the public generally.'" *Wilson v. Belleque,* 554 F.3d 816, 822 (9th Cir.2009) (quoting *Jones v. Cunningham,* 371 U.S. 236, 240 (1963)). When the conviction or sentence under attack has fully expired at the time the petition is filed, the petitioner does not meet the "in custody" requirement. *Maleng*, 490 U.S. at 492. Further, a petitioner is not "in custody" under a conviction after the sentence imposed has fully expired merely because the prior conviction could be used to enhance a sentence imposed for a future conviction. *Id*. at 493; *see also Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403-04 (2001). The petitioner

---

*v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc). Petitioner's petition for writ of habeas corpus is therefore properly construed as one brought pursuant to § 2254.

ORDER TO SHOW CAUSE - 2

bears the burden of establishing the Court has subject matter jurisdiction. *See Dow v. Circuit Court of the First Circuit*, 995 F.2d 922, 923 (9th Cir. 1993).

Here, it appears Petitioner entered a felony diversion agreement and completed the program in December of 2022. *See* Dkt. 2. In the Petition, Petitioner states his judgment and sentence was completed in July 2023. *See* Dkt. 1. Petitioner did not file the Petition until April 2026. *See* Dkt. 1. There is no indication he is "in custody" or serving a term of community custody. *See* Dkts. 1, 2. Therefore, based on the Petition, Petitioner does not meet the "in custody" requirement. Accordingly, Petitioner must show cause why the Petition should not be dismissed for lack of subject matter jurisdiction.

## III.    Instructions to Petitioner and the Clerk of Court

If Petitioner intends to pursue this habeas action, he must file a response to this Order to Show Cause on or before July 17, 2026. If Petitioner fails to adequately address the issues raised herein, the undersigned will recommend dismissal of this action.

The Clerk is directed to provide Petitioner with a copy of this Order.

Dated this 16th day of June, 2026.

David W. Christel
United States Magistrate Judge

ORDER TO SHOW CAUSE - 3