UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

KYLE RAYMOND LEE BURNETT,

Petitioner,

v.

JAIME TAFT,

Respondent.

CASE NO. 2:26-CV-1515-JHC-DWC

REPORT AND RECOMMENDATION

Noting Date: August 26, 2026

The District Court has referred this action to United States Magistrate Judge David W. Christel. On April 16, 2026, Petitioner Kyle Raymond Lee Burnett filed a proposed federal habeas petition pursuant to 28 U.S.C. § 2241 in the Easten District of Washington. Dkt. 1. On May 4, 2026, the case was transferred to the Western District of Washington. Dkt. 9. Petitioner moved for leave to proceed *in forma pauperis* (IFP) on June 2, 2026. Dkt. 12. On June 15, 2026 the Court granted Petitioner leave to proceed IFP and, on June 16, 2026, the Court reviewed the Petition and directed Petitioner to show cause why this case should not be dismissed for failure to meet the "in custody" requirements of 28 U.S.C. § 2254.[1] *See* Dkts. 13, 15. The Court directed

[1] Though Petitioner has filed his petition under § 2241, the Ninth Circuit has held that "28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment[.]" *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d

Petitioner to show cause why this case should not be dismissed on or before July 17, 2026. Dkt. 15.

Petitioner challenges a 2023 judgment and sentence arising from a Snohomish County Superior Court conviction. Dkt. 1. In the Petition, Petitioner states he is no longer in custody and requests the Court vacate his 2023 conviction. *Id*.

Based on the information contained in the Petition, Petitioner does not meet the "in custody" requirements. "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2247(c)(3)). A petitioner must be "in custody" under the conviction or sentence under attack when he files his federal petition. *Id*. at 490-91. The "in custody" requirement is met when a petitioner "is subject to a significant restraint upon his liberty 'not shared by the public generally.'" *Wilson v. Belleque,* 554 F.3d 816, 822 (9th Cir.2009) (quoting *Jones v. Cunningham,* 371 U.S. 236, 240 (1963)). When the conviction or sentence under attack has fully expired at the time the petition is filed, the petitioner does not meet the "in custody" requirement. *Maleng*, 490 U.S. at 492. Further, a petitioner is not "in custody" under a conviction after the sentence imposed has fully expired merely because the prior conviction could be used to enhance a sentence imposed for a future conviction. *Id*. at 493; *see also Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403-04 (2001). The petitioner bears the burden of establishing the Court has subject matter jurisdiction. *See Dow v. Circuit Court of the First Circuit*, 995 F.2d 922, 923 (9th Cir. 1993).

---

546 (9th Cir. 2010) (en banc). Petitioner's petition for writ of habeas corpus is therefore properly construed as one brought pursuant to § 2254.

Here, it appears Petitioner entered a felony diversion agreement and completed the program in December of 2022. *See* Dkt. 2. In the Petition, Petitioner states his judgment and sentence was completed in July 2023. *See* Dkt. 1. Petitioner did not file the Petition until April 2026. *See* Dkt. 1. There is no indication he is "in custody" or serving a term of community custody. *See* Dkts. 1, 2. Therefore, based on the Petition, Petitioner does not meet the "in custody" requirement.

Petitioner has now failed to comply with the Court's June 26, 2026 Order directing him show cause why the Petition should not be dismissed. As Petitioner has failed to comply with the Court's Order and does not appear to meet the "in custody" requirements, the Court recommends this action be dismissed without prejudice.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **August 26, 2026.**

Dated this 5th day of August, 2026.

David W. Christel
United States Magistrate Judge